ORDERED.

Dated:  August 27, 2019

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

IN RE:
Anthony Weissmuller                                              CASE NO. 06:08 bk-02958-KSJ

     Debtor
_____/                      ADV. CASE NO.06:18-ap-00128-KSJ
Anthony Weissmuller

Plaintiff,

vs.

Tech Ed. Service, Inc. dba
Aviation Institute of Maintenance

     Defendant.
_____/

**MEMORANDUM OPINION**
**GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**

This matter comes before the Court on the Plaintiff's Motion for Default Final Judgment and affidavit in support of Default Final Judgment (D.E. No. 9). A hearing was held on the Motion for Default June 18, 2019 (hereinafter, the "Hearing"). Appearing at the Hearing was Kevin P. Ackerman, Esq., attorney for the Plaintiff. No one appeared on behalf of the Defendant. This Plaintiff, Anthony Weissmuller ("Debtor") seeks a final default judgment declaring that Defendant, Tech Ed. Service, Inc. dba Aviation Institute of Maintenance's loan to Debtor is not an "educational loan" and, therefore, has been discharged pursuant to Bankruptcy Code section 727.

1

The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing argument and being otherwise fully advised in the premises.

## Procedural History

The Plaintiff is the Debtor in Bankruptcy Case 06:08-bk-02958. Plaintiff filed a Chapter 7 petition on April 16, 2008. The Debtor listed on his Schedule F, a debt of $13,382.05 owed to Creditor, Tech Ed. Service, Inc. dba Aviation Institute of Maintenance c/o American Student Fin. Group ("Tech Ed"). Debtor also noted on his Schedule F that the debt was "non-dischargeable" because the Debtor was informed that the debt was a student loan was for an accredited school. On May 28, 2008, the Trustee held Meeting of Creditors. The Chapter 7 trustee issued his Report of No Distribution in which the trustee requested discharge and certified pursuant to the Federal Rules of Bankruptcy Procedure that there are no non-exempt assets to distribute. On August 8, 2008, this Court granted the Debtor a discharge under section 727 of the Bankruptcy Code.

On September 26, 2018, Debtor filed its Motion to Reopen the Chapter 7 case to file this adversary proceeding. On October 5, 2018, the Court granted Debtor's Motion to Reopen the Chapter 7 case for the purpose of filing this adversary proceeding. On October 18, 2018, the Debtor commenced this adversary proceeding by filing a complaint seeking to discharge the student loans held by Defendant, Tech Ed. pursuant to 11 U.S.C. §523(a)(8) (D.E. No. 1). Defendant, Tech Ed. was served with the summons and complaint on October 22, 2018 but failed to respond. The clerk entered a default against Defendant, Tech Ed. (D.E. No. 5). Debtor filed the Motion for Default Final Judgment along with an affidavit signed by plaintiff attesting to the facts provided in the Complaint (D.E. No. 9) Plaintiff's Motion for Default Judgment was heard on June 18, 2019 (D.E. No. 13). Debtor's counsel appeared providing argument in support of the Motion for Default Final Judgment. Defendant, Tech Ed. did not appear. This matter is now ripe for adjudication.

**Findings of Fact**

The Defendant is Tech Ed. Service, Inc. dba Aviation Institute of Maintenance, a for profit entity that provides vocational instruction. Debtor incurred debt from Defendant, Tech Ed. Service, Inc. dba Aviation Institute of Maintenance, while attending the Aviation Institute of Maintenance located in Orlando, Florida ("school"), a for profit institution, during the 2007-2008 school year ("subject debt"). However, the school was not accredited during the 2007-2008 school year and was not on the Federal School Code list at the time. The subject debt was not made, insured or guaranteed by the government. Nor, was the subject debt used for an accredited school. The student loan indebtedness is dischargeable pursuant to Section 523(a)(8) of the Bankruptcy Code. Judgment is due to be entered in favor of the Plaintiff and against the Defendant, Tech Ed.

**Conclusions of Law**

The Motion for Default and supporting affidavit filed by the Plaintiff's requests the Court to enter a default judgment pursuant to Federal Rule of Civil Procedure 55. *See* Fed. R. Civ.P. 55 and Fed. R. Bankr. P. 7055.[1] Pursuant to Rule 55(a), a motion for default must prove by affidavit or otherwise a party's failure to plead or defend. Fed. R. Civ. P. 55(a). The Motion for Default filed by the Plaintiff's counsel complies with Rule 55(a) by setting forth in a separate affidavit Defendant Tech Ed.'s failure to defend.

In order for a default judgment to be entered pursuant to Rule 55(b), there must either be a sum certain for which the clerk may enter a default judgment, or a party must apply to the Court for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(1) and (b)(2). The entry of a default does not, in itself, permit the court to enter a final judgment against the defendant. *Accel Motorsports*

---

[1] Federal Rule of Bankruptcy Procedure 7055 provides: Rule 55 F. R. Civ. P. applies in adversary proceedings.

*Inc.,* v. *Rosario*, 2015 WL 232427 at *1 (Bankr. M.D. Fla. 2015). The pleadings must contain a sufficient basis for the final judgment to be entered. *Id.*

Section 523(a)(8) of the Bankruptcy Code states that an "educational loan that is a qualified educational loan" is defined by reference to "section 221(d)(1) of the Internal Revenue Code of 1986." 11 U.S.C. § 523(a)(8). Section 221(d) of the Internal Revenue Code of 1986 states that a " 'qualified education loan' means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses--(a) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student." 26 U.S.C. § 221(d)(1). The term "qualified higher education expenses" is defined in 11 U.S.C. § 221(d)(2).

The loan made by Tech Ed. Service, Inc. dba Aviation Institute of Maintenance to Debtor is not an "educational loan" within the meaning of section 523(a)(8) of the Bankruptcy Code. Specifically, the subject debt was not made, insured or guaranteed by the government. Nor, was the subject debt used for an accredited school. As a result, that amount of the debt due to Defendant, Tech Ed. Service, Inc. dba Aviation Institute of Maintenance should have been discharged in Debtor's chapter 7 bankruptcy proceedings pursuant to Bankruptcy Code section 727.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Motion for Default Final Judgment (D.E. No. 9) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the relief sought in Debtor's Complaint (D.E. 1) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed to Tech Ed. Service, Inc. dba Aviation Institute of Maintenance is **DISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(8) and is considered **DISCHARGED** pursuant to Bankruptcy Code section 727.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

###

Kevin P. Ackerman, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.